1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT MITCHELL,

        Plaintiff,

   v.

MICHAEL FLORES,

        Defendant.

Case No. 23-cv-04891-PCP

**ORDER DENYING MOTION TO REMAND**

Re: Dkt. No. 13

Plaintiff Robert Mitchell filed this lawsuit against defendant Michael Flores in August 2023, alleging civil harassment and requesting a temporary restraining order (TRO). After the state court granted Mitchell's requested TRO, Flores removed this case to federal court, contending that Mitchell's claim is preempted by federal labor law. Mitchell now asks this Court to remand the lawsuit to state court for lack of subject matter jurisdiction. Because Flores has produced evidence supporting this Court's exercise of federal question jurisdiction and the factual disputes relating to that issue are intertwined with the merits of Mitchell's claim, Mitchell's motion to remand is denied.

## BACKGROUND

Flores was formerly employed as a driver by Premier Recycle Company, where plaintiff Robert Mitchell is currently an Operations Manager. Premier employees elected Teamsters Local 853 as their union representative in June 2022, and in May 2023 Flores participated in a three-day strike protesting Premier's purported unfair labor practices. The strike involved picketing at Premier's various workplace locations. Flores was fired on August 2, 2023. Since his firing, Flores has been engaged in ambulatory situs picketing against Premier. This involves participating in a moving picket line at sites where Premier conducts regular business.

In late August 2023, Mitchell filed this lawsuit against Flores in California state court. Dkt. No. 1-1. Mitchell alleged in the state proceeding below that Flores had made threatening statements towards him that made Mitchell feel unsafe, such as "f*ck around and find out" and "I'll catch you in the yard." *Id.* at 13. Mitchell also alleged that Flores had made sexually suggestive comments towards him, surveilled his home, stalked him with a bullhorn, videotaped him, and followed his vehicle around. *Id.*

In September 2023, the state court granted Mitchell's TRO request, ordered Flores to remain 300 yards away from Mitchell at all times, and set the matter for trial in October 2023. Flores contends that "[b]ecause the stay-away order requires Flores to remain 300 yards away from Mitchell, his workplace, and his vehicle, Flores is effectively prohibited from picketing in front of the Employer's premises or at ambulatory situses." Dkt. No. 1-1, at 32. Flores himself filed various unfair labor charges with the National Labor Relations Board (NLRB) alleging that Premier falsely accused him of being in a gang, fired him in retaliation for his union activity, and made false statements about him through Mitchell's TRO request.

In late September 2023, Flores timely removed this case to federal court, arguing that his activities were protected under the National Labor Relations Act (NLRA) and that Mitchell's state law claim for civil harassment is therefore preempted. *See San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245 (1959) ("When an activity is arguably subject to § 7 or § 8 of the [NLRA], the States as well as the federal courts must defer to the exclusive competence of the [NLRB]."). Flores contended that the complete preemption of Mitchell's cause of action provided this Court with subject matter jurisdiction under 28 U.S.C. § 1331. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.").

Mitchell thereafter moved to remand this matter to state court, arguing that the Court does not possess subject matter jurisdiction over this state law civil harassment lawsuit between two California citizens. Dkt. No. 13, at 4. Mitchell maintained that he "did not seek an order restricting Mr. Flores from engaging in ambulatory situs picketing" but rather sought to prevent harassment

United States District Court
Northern District of California

by Flores. Dkt. No. 21, at 2. In support of his motion to remand, Mitchell included declarations from three Premier co-workers affirming Mitchell's allegations that Flores threatened him. Dkt. Nos. 22–24. Mitchell also included four exhibits showing images of a white car (presumably Flores's) to support his allegation that Flores was following him around and stalking him. Dkt. No. 21-1.

In response to Mitchell's motion, Flores provided declarations refuting Mitchell's allegations. Flores denies Mitchell's factual allegations and contends that he only engaged in lawful ambulatory situs picketing. Dkt. No. 1-1, at 31–32. Flores attaches as an exhibit a text message screenshot allegedly showing that it was another Premier employee (not Flores) who threatened Mitchell. Dkt. No. 20, at 8 ("There is no evidence in Mitchell's submission that Flores sent the messages in question, and in fact, Flores did not actually send any of them."); *see* Dkt. No. 20-1. He also suggests that Mitchell's allegations of verbal threats are vague and ambiguous at best, and that his purported statements did not threaten imminent bodily harm. Dkt. No. 20, at 6–7 (arguing that Flores's purported use of profanity or personal insults towards Mitchell while picketing cannot be equated to a credible threat of violence). Flores further contends that it was Mitchell who followed and videotaped Flores. *Id.* at 10.

## LEGAL STANDARDS

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988). Because this civil action was removed to federal court by defendant Flores under 28 U.S.C. § 1441(a), Flores bears the burden of establishing this Court's subject matter jurisdiction.

In attempting to establish or attack subject matter jurisdiction, "[t]he parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). "When the plaintiffs' motion to remand raises a factual challenge by contesting the truth of the remover's factual allegations … the remover must support her jurisdictional allegations with competent proof

… under the same evidentiary standard that governs in the summary judgment context." *DeFiore v. SOC LLC*, 85 F.4th 546, 552–53 (9th Cir. 2023). Generally, the remover "bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Id.* (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)).

Where the parties have provided competing and competent evidence regarding the court's subject matter jurisdiction and a factual dispute material to the jurisdictional issue remains, the district court may generally "resolve the factual dispute itself." *Id.* at 553. But the court may not resolve such a factual dispute if it "is intertwined with an element of the plaintiff's claim." *Id.* In that circumstance, the court "must leave the resolution of material factual disputes to the trier of fact." *See Leite*, 749 F.3d at 1122 n.3; *see also Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1040 (9th Cir. 2004) (noting that where "the question of jurisdiction and the merits of the action are intertwined," dismissal under Rule 12(b)(1) constitutes "error" and court should instead resolve case "on the merits").

## ANALYSIS

The two primary sources of subject matter jurisdiction are diversity jurisdiction and federal question jurisdiction. The parties agree that diversity jurisdiction is not present here. Accordingly, the only possible basis for this Court's subject matter jurisdiction is federal question jurisdiction, which permits a claim to proceed in federal court if it arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Under the well-pleaded complaint rule, federal question jurisdiction exists when a federal question is "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392. Complaints like Mitchell's that assert only state law claims generally do not present federal questions "on the[ir] face." *Id.* In some instances, however, the doctrine of complete preemption "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Flores removed this case to federal court on this complete preemption theory, contending that Mitchell's claim is completely preempted by federal labor law because Flores's conduct was

arguably protected or prohibited by the NLRA. *See Garmon*, 359 U.S. at 245. "Where applicable, the *Garmon* doctrine pre-empts state-court jurisdiction unless the [NLRB] determines that the disputed conduct is neither protected nor prohibited by the [NLRA]." *Sears, Roebuck & Co. v. San Diego County Dist. Council of Carpenters*, 436 U.S. 180, 199 n.29 (1978).

To establish that conduct is arguably protected or prohibited by the NLRA, "a party seeking pre-emption must advance an interpretation of the [NLRA] that is not plainly contrary to its language and that has not been authoritatively rejected by the courts of the Board" and "then put forth enough evidence to enable the court to find that the Board reasonably could uphold a claim based on such an interpretation." *International Longshoremen's Ass'n, AFL-CIO v. Davis*, 476 U.S. 380, 395 (1986); *see, e.g.*, *Glacier Northwest, Inc. v. International Brotherhood of Teamsters Local Union No. 174*, 598 U.S. 771 (2023) (holding that intentional property damage resulting from union activity is not arguably protected by the NLRA).

In this case, Flores maintains that he engaged in ambulatory situs picketing at various Premier workplace locations and that Mitchell's lawsuit targets that conduct. Such picketing is explicitly permitted by the NLRA, *see* 29 U.S.C. § 158(b)(4), and has long been viewed as a protected organizing activity under the federal statute. *See Garner v. Teamsters Local 776*, 346 U.S. 485, 486 (1953) ("[I]t is implicit in the [NLRA] that the public interest is served by freedom of labor to use the weapon of picketing."). The Supreme Court has expressly held that states cannot limit this federally protected activity. *Id.* ("For a state to impinge on [this] area of labor combat designed to be free is … an obstruction of federal policy.").

In seeking remand, Mitchell challenges the facts underlying Flores's invocation of *Garmon* preemption. Mitchell contends that Flores engaged in various activities (including stalking and making threatening statements) that are not protected under the NLRA, and that his civil restraining order against Flores was not intended to enjoin Flores's ambulatory situs picketing but to prevent harassment. Dkt. No. 21, at 2; *see* Dkt. No. 17-5, at 2 ("This restraining order has nothing to do with his legally protected picketing but was filed because of his repeated harassing behavior towards me as an individual."). With his reply brief, Mitchell included declarations from three of his Premier co-workers alleging (in conclusory fashion) that Flores threatened Mitchell's

safety, made sexually suggestive statements to Mitchell, and is affiliated with a gang. Dkt. Nos. 22–24; *see Ibarra*, 775 F.3d at 1197 (permitting courts to take judicial notice of affidavits and declarations beyond the complaint when assessing an attack on jurisdiction). Mitchell also attaches as exhibits four images of a white car, presumably suggesting that Flores was within 300 yards of Mitchell notwithstanding the TRO and that Flores had been following him. Dkt. No. 21-1.

Flores flatly denies these allegations and contends they there are a "sham." Dkt. No. 20, at 8. In addition to relying upon his own sworn declaration denying Mitchell's allegations and attesting to Flores's view of the relevant facts, Flores has provided the Court with text message evidence suggesting that it was Mitchell who surveilled Premier employees and that another employee (not Flores) made the purportedly threatening statement to Mitchell. Dkt. No. 20-1; *see DeFiore*, 85 F.4th at 552 (noting that a remover may support his "jurisdictional allegations with competent proof" outside the pleadings). He notes that Mitchell admitted to approaching Flores in an attempt to serve him, undermining Mitchell's position that Flores was following him. Dkt. No. 17-5, at 2–3.

The parties have each provided the Court with evidence sufficient to create a genuine dispute of material fact as to whether Mitchell's lawsuit targets conduct by Flores that was arguably protected by the NLRA. As noted already, a federal court faced with a factual dispute bearing upon the existence of the court's subject matter jurisdiction may usually resolve the dispute by applying a preponderance of the evidence standard. *DeFiore*, 85 F.4th at 553. If those facts bear upon the merits of the plaintiff's claim, however, the court cannot do so and must instead exercise jurisdiction and leave the disputed factual issues for resolution by the ultimate finder of fact. *See Leite*, 749 F.3d at 1122 n.3 ("The caveat [to the general rule that a district court resolves such factual disputes] is that a court must leave the resolution of material factual disputes to the trier of fact when the issue of subject-matter jurisdiction is intertwined with an element of the merits of the plaintiff's claim."); *see also Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) ("[W]here the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion

going to the merits or at trial.").

Such is the case here. If the ultimate finder of fact credits Flores's version of events, then the Court not only has subject matter jurisdiction but Mitchell's claim also fails on the merits because it is completely preempted by the NLRA. Flores's evidence creating a genuine issue of material fact with respect to those issues is sufficient to support this Court's exercise of federal question jurisdiction over Mitchell's lawsuit and the resolution of that factual dispute will be on the merits.

## CONCLUSION

For the foregoing reasons, the Court denies Mitchell's motion to remand.

**IT IS SO ORDERED.**

Dated: June 20, 2024

_____
P. Casey Pitts
United States District Judge

United States District Court
Northern District of California